```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TODD KREISLER,                                      :

                  Plaintiff,                       :      MEMORANDUM ORDER

       -v.-                                         :      15 Civ. 7313 (AT) (GWG)

P.T.Z. REALTY, L.L.C.  et al.,                      :

                  Defendants.                       :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Plaintiff Todd Kreisler has moved to amend the complaint in this matter. For the reasons stated below, the motion is granted.

Background

Kreisler's original complaint alleged that Patsy's Pizzeria, located in the defendants' building, was inaccessible and thus violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12183, as well as similar New York state-law provisions. See Complaint, filed Sept. 16, 2015 (Docket # 1), ¶ 1. Specifically, Kreisler alleged that the entrance to defendants' building was not accessible by wheelchair and that once inside, someone in a wheelchair would not be able to dine at the restaurant. See id. ¶ 24. Kreisler also mentioned that "a full inspection of the defendants' place of public accommodation [would] reveal the existence of other barriers to access." Id. ¶ 25. The complaint further stated:

> [P]laintiff requires a full inspection of the defendants' public accommodation in order to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

Id. ¶ 26. When plaintiff filed an amended complaint several months later, he repeated these allegations. See Amended Complaint, filed Dec. 17, 2015 (Docket # 16), ¶¶ 33, 34.

Two months after the filing of the amended complaint, on February 11, 2016, the Court issued a scheduling order requiring that "[a]ny motion to amend . . . be filed within 30 days from the date of this Order" – that is, by March 14, 2016. See Civil Case Management Plan and Scheduling Order, filed Feb. 11, 2016 (Docket # 21), ¶ 3.

One June 17, 2016, plaintiff arranged for an architect to inspect the premises, including its interior. See Affirmation in Opposition of Motion for Leave to Amend Complaint, filed Aug. 8, 2016 (Docket # 43) ("Def. Aff."), ¶ 10. Neither plaintiff nor defendant has revealed when the architect's report was provided to defendant but it is uncontested that it was provided before July 22, 2016. See Letter from Glen H. Parker, filed July 22, 2016 (Docket # 35), at 2 (referring to a prior "disclosure of plaintiff's expert report"). On that date, plaintiff sent a letter to the Court seeking permission to file a second amended complaint, a copy of which was attached to the letter. Id. The attached proposed second amended complaint, which appears to be identical to the one later filed as part of the briefing of this motion, listed numerous violations in the interior of the building. See Proposed Second Amended Complaint (annexed to Declaration in Support of Motion to Amend Complaint, filed Aug. 2, 2016 (Docket # 41) ("Parker Decl.")), ¶ 31.[1]

Shortly thereafter, on July 26, 2016, defendants "hired an independent architect to inspect the premises for remedies to any alleged violations of the Americans with Disabilities Act." Def. Aff. ¶ 12. Apparently, defendants' architect made a report that addressed only allegations in the Amended Complaint and not any claims regarding the building's interior. See

---

[1] The Court notes that it is common in ADA cases for a plaintiff to amend a complaint to add additional barriers that were not mentioned in the initial complaint and that it has been held that a plaintiff with disabilities has standing to include such allegations. See generally Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 188 n.5 (2d Cir. 2013); Rosa v. 600 Broadway Partners, LLC, 2016 WL 1276448, at *2, *4-5 (S.D.N.Y. Mar. 30, 2016); Curtis v. Home Depot U.S.A., Inc., 2014 WL 1419369, at *1-2 (E.D. Cal. Apr. 11, 2014); Morales v. Ralphs Grocery Co., 2012 WL 6087699, at *4, *11 (E.D. Cal. Dec. 6, 2012); Oliver v. In-N-Out Burgers, 286 F.R.D. 475, 476-77 (S.D. Cal. 2012).

Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend Complaint, filed Aug. 8, 2016 (Docket # 44) ("Def. Mem."), at *6.[2]

Following the receipt of plaintiff's July 22, 2016, letter, the Court directed that plaintiff file a formal motion to amend. See Order, filed Aug. 1, 2016 (Docket # 38). Plaintiff did so the next day.[3]

Discussion

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy behind this rule is that "[l]iberal amendment promotes judicial economy by making it possible to dispose of all contentions between parties in one lawsuit." Bilt-Rite Steel Buck Corp. v. Duncan's Welding & Corr. Equip., Inc., 1990 WL 129970, at *1 (E.D.N.Y. Aug. 24, 1990) (citing Jenn-Air Prods. Co. v. Penn Ventilator, Inc., 283 F. Supp. 591, 594 (E.D. Pa. 1968)). The court may deny leave to amend for "good reason," which normally involves an analysis of the factors articulated in Foman v. Davis, 371 U.S. 178, 182 (1962): undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. See, e.g., McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman, 371 U.S. at 182). Here, defendants argue there has been undue delay and that they will be prejudiced by a motion to amend. Def. Mem. at *6.

Case law is clear that "[m]ere delay . . . absent a showing of bad faith or undue prejudice[] does not provide a basis for a district court to deny the right to amend." State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) (citing Howey v. United

---

[2] Because defendants failed to number the pages of their memorandum of law, we use the pagination assigned by the ECF system, which we indicate as "*__."

[3] See Notice of Motion to Amend Complaint, filed Aug. 2, 2016 (Docket # 40); Parker Decl.; Plaintiff's Memorandum of Law in Support of Motion for Leave to Amend Complaint, filed Aug. 2, 2016 (Docket # 42); Def. Aff.; Def. Mem.

States, 481 F.2d 1187, 1190-91 (9th Cir. 1973); and Middle Atl. Utils. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 384 (2d Cir. 1968)).  On the issue of prejudice, a court considers, "among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute."  Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008) (internal quotation marks omitted) (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)).  Obviously, "[u]ndue prejudice arises when an amendment comes on the eve of trial and would result in new problems of proof."  Id. (internal quotation marks and alteration omitted) (quoting Fluor Corp., 654 F.2d at 856).  However, mere allegations that an amendment "will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice."  Christians of Cal., Inc. v. Clive Christian N.Y., LLP, 2014 WL 3605526, at *5 (S.D.N.Y. July 18, 2014) (internal quotation marks and alterations omitted) (quoting A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000)).

     Here, the Court had imposed a deadline of March 14, 2016, for any further amendment to the pleading.  Plaintiff makes no attempt in his papers to show good cause for failure to meet this deadline.  As discussed at length in Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 176 (S.D.N.Y. 2014), however, "a district court has discretion to consider Rule 15(a) factors notwithstanding the failure to show good cause for violating a Rule 16(b) deadline."  We exercise that discretion here.

     Defendants assert they would be prejudiced by the filing of the amended complaint because they would have to "hir[e] an independent architect, once again, in order to determine the validity" of the new allegations relating to violations listed in the proposed Second Amended Complaint.  Def. Mem. at *6.  However, this is the very sort of allegation of prejudice that does

not justify denial of leave to amend. As the Second Circuit held in <u>United States ex rel Maritime Administration v. Continental Illinois National Bank & Trust Co. of Chicago</u>, 889 F.2d 1248, 1255 (2d Cir. 1989), the fact that the opposing party will have to undertake additional discovery, "standing alone, does not suffice to warrant denial of a motion to amend a pleading." Here, defendants make no argument that the expense of hiring an expert to investigate the alleged violations in two successive visits to the premises is materially more burdensome than would have been the case had their expert investigated all the alleged violations at the same time. Additionally, at the time the defendants hired their architectural expert on July 26, 2016, they were aware of the new allegations in the proposed Second Amended Complaint because plaintiff had sought permission to amend the complaint four days previously, on July 22, 2016. Thus, defendants had an opportunity to mitigate the prejudice either by agreeing to the amendment and having their expert investigate all the allegations at once or by seeking to delay their expert's investigation until after the Court had resolved the plaintiff's motion to amend.

Accordingly, Kreisler's motion for leave to amend (Docket # 40) is granted. The proposed pleading shall be filed forthwith. If any adjustments to the existing discovery schedule are required, the parties should consult with each other and make an application to the Court.

SO ORDERED.

Dated: September 26, 2016
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge